UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

SCOTT ALAN INMAN, Civil No. 00-1239 (RHK/AJB)

Petitioner,

v. REPORT AND RECOMMENDATION

RICHARD L. STIFF,

Respondent .

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

On November 12, 1998, Petitioner was convicted in the U.S. District Court for the District of Alaska on money order fraud charges brought under 18 U.S.C. § 500.

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to § 2241 proceedings. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED MAY 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(Petition, [Docket No. 1], ¶ 7.) He received a 24-month federal prison term, which he is currently serving at the Federal Correctional Institution at Waseca, Minnesota, ("FCI-Waseca").

Petitioner presently contends that he is entitled to approximately eight months of sentencing credit for time that he spent in the custody of the State of Alaska Department of Corrections, between May 29, 1998, and January 27, 1999. His argument is based on 18 U.S.C. § 3585(b), which provides that:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence."

According to Petitioner's calculations, if he had received the eight months of sentence credit that he is now claiming under § 3585(b), he should have been released from prison approximately two months ago. Without such credit, Petitioner purportedly will remain in prison for another six months.

The petition does not explain how the federal Bureau of Prisons, ("BOP"), has responded to Petitioner's sentence credit claim. In fact, there is no indication that Petitioner has even presented his claim to anyone associated with the BOP. Petitioner acknowledges (at least implicitly) that he has not pursued any administrative relief in this matter, claiming that "he did not become aware of these issues in time to utilize the Administrative Remedy Procedure available." (Petition, ¶ 6.) Petitioner apparently

believes that, under the present circumstances, he should not have to pursue his administrative remedies before seeking habeas corpus relief. The Court, however, disagrees.

## II. DISCUSSION

It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993) ("[f]ederal prisoners seeking jail time credit... must exhaust administrative remedies before seeking habeas corpus relief"); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974).

The Eighth Circuit Court of Appeals has identified four valuable objectives that are promoted by the exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency might have to offer. Third, it acknowledges the autonomy of administrative agencies and the authority that Congress has granted to them. Finally, to the extent that claims can be resolved at the administrative level, the exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976); see also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

The BOP has provided an administrative remedy process for federal prisoners, which is set forth at 28 C.F.R. §§ 542.10-.19. Those regulations prescribe four steps that must be taken to satisfy the exhaustion requirement: (i) an inmate must first

present his claim to an appropriate prison staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden, (Form BP-9); (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director, (Form BP-10); and (iv) if still dissatisfied, the prisoner must take a final appeal to the General Counsel in the Central Office, (Form BP-11). To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps.

In the instant case, it is readily apparent that the Petitioner has not exhausted his administrative remedies available under 28 U.S.C. §§ 542.10-19. He essentially acknowledges as much in his assertion that the administrative remedy process cannot provide relief to him in a timely manner. Therefore, the instant habeas corpus petition must be summarily dismissed for non-exhaustion, unless Petitioner's non-exhaustion can somehow be excused.

Some federal courts have concluded that the exhaustion of administrative remedies requirement should not be enforced where the prisoner-petitioner has clearly demonstrated that it would be "futile" for him to attempt to pursue administrative relief. See e.g., Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3rd Cir. 1988). In this case, Petitioner seems to be contending that it would be futile for him to attempt to exhaust his administrative remedies, because -- according to his calculations -- his rightful release date has already passed.

The Court fully appreciates that requiring Petitioner to exhaust his administrative remedies may, as a practical matter, deprive him of an opportunity to litigate

his sentence credit claim in federal court. He states that the BOP intends to release him in about six months, and it could take him nearly that long to exhaust his administrative remedies and get his claim back before a federal court.[2] Moreover, if his claim is meritorious, Petitioner could be entitled to an immediate release from custody. Nevertheless, the Court does not believe that Petitioner should be excused from the exhaustion requirement under the circumstances presented here.

The "futility exception" to the exhaustion rule should be reserved for those cases in which some factor external to the Petitioner nullifies any realistic opportunity to obtain administrative relief.[3] Where the BOP has effectively foreclosed the availability of administrative relief -- by reason of prior decisions in indistinguishable cases or because it has somehow blocked access to the administrative process -- prisoners should not be

---

[2] Of course, if Petitioner's claim is really as irrefutable as he contends, then the BOP presumably will acknowledge his sentence credit and expedite his release date as soon as he initiates the administrative remedy process.

[3] Other courts have held that a prisoner who has forfeited his opportunity to seek administrative relief will not be excused from the exhaustion requirement unless he is able to show "cause" for his default, and that actual prejudice will result if his claims are procedurally barred. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3rd Cir. 1996); Sanchez v. Miller, 792 F.2d 694, 697-99 (7th Cir. 1986), cert. denied, 479 U.S. 1056 (1987); Francis v. Rison, 894 F.2d 353, 355 (9th Cir. 1990). In order to satisfy the "cause" requirement, the prisoner must show that some "external impediment" prevented him from satisfying the exhaustion of administrative remedies requirement in a proper and timely manner. Moscato, 98 F.3d at 762 (petitioner could not satisfy cause requirement where he failed "to allege the existence of an external impediment" or that "anything other than [his own] dilatoriness caused the [administrative] appeal to be filed late"). As explained by the Supreme Court, "'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis in original), quoting Murray v. Carrier, 477 U.S. 478, 488 (1986).

forced to pursue the futile gesture of exhaustion. However, the BOP should not be deprived of the opportunity to correct its own errors, (where an error has occurred), and the courts should not be deprived of a fully-developed administrative record, solely because of the petitioner's own ignorance, inadvertence or dilatoriness. Applying that reasoning here, the Court concludes that Petitioner should not be excused from the exhaustion of administrative remedies requirement, because the apparent futility of his administrative remedies is not attributable to anyone other than himself.

In short, the Court finds that Petitioner has not shown a valid excuse for not exhausting his administrative remedies before seeking federal habeas corpus relief. It is therefore recommended that the instant petition be summarily dismissed for non-exhaustion. It is further recommended that the petition be dismissed without prejudice, so that Petitioner can return to federal court, if necessary, after satisfying the exhaustion requirement.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1) Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

(2) Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 26th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.